# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **RICKY ELLIS**, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:23-cv-01353-JLH ) |
| vs. | ) Judge Jennifer L. Hall ) ) |
| **ALPHA METALLURGICAL RESOURCES, INC.** | ) **FIRST AMENDED COLLECTIVE** ) **ACTION COMPLAINT** ) ) **JURY DEMAND ENDORSED HEREON** |
| and | ) ) |
| **MARFORK COAL COMPANY, LLC** | ) ) |
| and | ) ) |
| **SPARTAN MINING, LLC,** | ) ) |
| Defendants. | ) ) |

Plaintiff Ricky Ellis ("Plaintiff"), on behalf of himself and all others similarly situated, for his Collective Action Complaint against Defendants Alpha Metallurgical Resources, Inc., Marfork Coal Company, LLC, and Spartan Mining, LLC (collectively "Defendants"), states and alleges as follows:

## INTRODUCTION

1. This case challenges Defendants' policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of

himself and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Potential Opt-In Plaintiffs").

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants reside in this District and Division.

## PARTIES

5. Plaintiff is an adult individual residing in Hewett, West Virginia.

6. Defendant Alpha Metallurgical Resources, Inc. ("Alpha") is a Delaware corporation that maintains its principal place of business at 340 Martin Luther King Jr. Boulevard, Bristol, TN 379621.

7. Defendant Marfork Coal Company, LLC ("Marfork") is a West Virginia limited liability company that maintains its principal place of business at 370 Packsville/Marfork Road, Whitesville, WV 25209.

8. Defendant Spartan Mining, LLC ("Spartan") is a West Virginia limited liability company that maintains its principal place of business at 18 Clover Street, Wyoming, WV 24898.

9. Defendants Marfork Coal Company, LLC and Spartan Mining, LLC are subsidiaries of Defendant Alpha Metallurgical Resources, Inc.

10. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendants as a non-exempt hourly employee.

11. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

12. At all relevant times, those similarly situated to Plaintiff were employees within the meaning of 29 U.S.C. § 203(e).

13. At all relevant times, Defendants were each an employer within the meaning of 29 U.S.C. § 203(d).

14. At all relevant times, Defendants were each an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

16. At all relevant times, those similarly situated to Plaintiff were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

17. Plaintiff's written Consent to Join has previously been filed in this Court.

## FACTUAL ALLEGATIONS

18. Defendants own and operate underground coal mines in Virginia and West Virginia.

19. Defendants are a single integrated enterprise and/or joint employers of Plaintiff and other similarly situated employees as defined in, or for purposes of, the FLSA.

20. At all relevant times, Defendants maintained interrelated operations, centralized control of labor relations, common management, common ownership, and common financial control.

21. For example, Alpha is registered with the Mine Safety and Health Administration as the "Controller" of mines operated by Marfork and Spartan.

22. Alpha lists mines operated by Marfork, such as the Black Eagle, Glen Alum, Horse Creek Eagle, and other mines, as well as mines operated by Spartan, such as the Road Fork 52 mine, on the "Facility Locations" page of its website.[1]

---

[1] https://alphametresources.com/about/locations (last accessed January 8, 2024)

23. Alpha also discusses its Safety Policy and Philosophy on its website, noting, for instance, that "[m]any safety and training devices have been put into service within our organization long before being required by federal and state regulations. For example, first generation real-time personal dust monitors (PDM) were purchased and used in numerous engineering studies long before MSHA regulations requiring such devices went into effect. They have assisted in improving operator positioning to reduce dust exposures, as well as identifying specific sources of respirable dust."

24. At all relevant times, Defendants controlled the terms and conditions of employment for Plaintiff and other similarly situated employees. In doing so, Defendants are responsible for the human resource operations for Plaintiff and other similarly situated employees.

25. At all relevant times, Defendants had the authority to hire and fire employees, supervise, and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

26. At all relevant times, Defendants were a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management, common ownership, and financial control.

27. Defendants have registered multiple business entities as part of their enterprise. However, Defendants are the "employer" of Plaintiff and other similarly situated employees because they operate the single integrated enterprise or otherwise function as joint employers.

28. At all relevant times, Defendants suffered or permitted Plaintiff and other similarly situated employees to work for Defendants in their underground coal mines, and that work was for Defendants' benefit.

29. At all relevant times, the work performed by Plaintiff and other similarly situated employees was an integral part of Defendants' business.

30. At all relevant times, Defendants had direct or indirect control or influences over Plaintiff's and other similarly situated employees' terms or conditions of employment.

31. At all relevant times, Defendants owned or leased the premises where Plaintiff and other similarly situated employees performed their work.

32. At all relevant times, Defendants provided the tools and materials Plaintiff and other similarly situated employees used to perform their work for Defendants.

33. At all relevant times, Defendants have determined, shared, or co-determined those matters governing the essential terms and conditions of employment for Plaintiff and other similarly situated employees at Defendants' underground coal mines.

34. Because the work performed by Plaintiff and other similarly situated employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employer of Plaintiff and other similarly situated employees under the FLSA's definition of employer.

35. At all relevant times, Defendants applied or caused to be applied substantially the same employment policies, practices and procedures related to the payment of wages, overtime and timekeeping.

36. At all relevant times, Plaintiff and other similarly situated employees worked for Defendants as hourly, non-exempt underground coal mining employees in Defendants' underground coal mines.

37. During their employment with Defendants, Plaintiff and other similarly situated employees regularly worked more than forty (40) hours per workweek.

38. At all relevant times, to protect Plaintiff and other similarly situated employees from the adverse health effects of exposure to respirable coal mine dust and crystalline silica, Defendants required Plaintiff and other similarly situated employees to wear safety clothing and other protective equipment, including but not limited to, reflective uniforms, helmets, and boots.

39. At all relevant times, Defendants required that Plaintiff and other similarly situated employees gather tools and equipment, including but not limited to, gas detectors, self-rescuers, radios, locators, and other various hand tools, that were required to perform their daily job duties. These tools and equipment were stored onsite at Defendants' premises.

40. At all relevant times, Defendants required that Plaintiff and other similarly situated employees don all their safety clothing and other protective equipment and gather all their tools and equipment before the start of their scheduled shifts.

41. At all relevant times, Defendants required that Plaintiff and other similarly situated employees doff all their safety clothing and other protective equipment and put away all their tools and equipment after the end of their scheduled shifts.

42. Donning and doffing of the safety clothing and other protective equipment and obtaining and returning the tools and equipment is integral and indispensable to the work performed by Plaintiff and other similarly situated employees.

43. The donning and doffing of safety clothing and other protective equipment and obtaining and returning the tools and equipment is a component of the work that Defendants hired Plaintiff and other similarly situated employees to do.

44. The donning and doffing of safety clothing and other protective equipment and obtaining and returning the tools and equipment by Plaintiff and other similarly situated employees

is an intrinsic element of their activities and one in which they cannot dispense if they are to perform their principal activities.

45. Because the donning and doffing of the safety clothing and other protective equipment and obtaining and returning the tools and equipment is integral and indispensable to the work performed by Plaintiff and other similarly situated employees, the time they spent donning and doffing their safety clothing and protective equipment and obtaining and returning their tools and equipment is compensable work time within the meaning of the FLSA.

46. For example, because Plaintiff and those similarly situated performed work underground, a locator, self-rescuer, gas detector, and radio was needed. Likewise, Plaintiff's work could not be performed without the tools that he gathered at the beginning of the day and returned at the end of the day. And given the dangerous conditions inherent in underground mining the safety clothing and other protective equipment were essential.

47. The donning of the safety clothing and other protective equipment and obtaining the tools and equipment was the first principal activity of the day performed by Plaintiff and other similarly situated employees.

48. The doffing of the safety clothing and other protective equipment and returning the tools and equipment was the last principal activity of the day performed by Plaintiff and other similarly situated employees.

49. Within the last three years, Plaintiff and other similarly situated employees were not paid for the time they spent donning their safety clothing and other protective equipment and obtaining and putting away their tools and equipment before the start of shift.

50. Within the last three years, Plaintiff and others similarly situated were not paid for the time they spent doffing their safety clothing and other protective equipment and putting away their tools and equipment at the end of their shift.

51. Plaintiff and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the three years preceding the filing of this Action, including time spent donning and doffing safety clothing and other protective equipment and obtaining and putting away their tools and equipment, as well as associated travel.

52. Defendants could have easily recorded the time that Plaintiff and other similarly situated employees spent donning and doffing their safety clothing and other protective equipment and obtaining and putting away their tools and equipment with Defendants' time clock.

53. Thus, there was no administrative difficulty of recording the time that Plaintiff and other similarly situated employees spent donning and doffing their safety clothing and other protective equipment and obtaining and putting away their tools and equipment.  Defendants just chose not to do so.

54. The amount of time Plaintiff and other similarly situated employees spent performing the unpaid work described above was 20 or more minutes each workday. This resulted in approximately 1.7 hours or more of unpaid overtime for each employee every week and approximately 90 hours or more of unpaid overtime for each employee per year.  Thus, Plaintiff and other similarly situated employees were required to give up a substantial measure of their time and effort without pay.

55. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked as described above, Plaintiff and other similarly situated employees were not paid overtime compensation for all the hours they worked in excess of forty (40) each workweek.

56. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

57. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendants' unlawful conduct as described above and herein.

58. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows (the "Potential Opt-In Plaintiffs"):

> **All current and former hourly employees who were engaged in underground mining at any mine owned, controlled, or operated by Alpha Metallurgical Resources, Inc., Marfork Coal Company, LLC, or Spartan Mining, LLC, at any time during the three (3) years preceding the date of the filing of this Action to the present and who worked more than forty (40) hours in at least one workweek**.

59. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

60. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

61. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. At all relevant times, Plaintiff and other similarly situated employees regularly worked more than forty (40) hours per workweek for Defendants.

63. The FLSA requires that Defendants pay their hourly non-exempt employees, including Plaintiff and other similarly situated employees, overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

64. Defendants did not pay Plaintiff and other similarly situated employees for the time they spent donning and doffing their safety clothing and other protective equipment, or for their associated travel.

65. Defendants did not pay Plaintiff and other similarly situated employees for the time they spent obtaining and putting away their tools and equipment, which were required for them to perform their job duties, or for their associated travel.

66. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees for time they spent donning and doffing safety clothing and other protective equipment, obtaining and putting away their tools and equipment, and for the associated travel, resulted in Defendants' failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

67. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

68. As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Opt-Ins who join this case pursuant to the FLSA;

C. Award Plaintiff and the Opt-Ins who join this case pursuant to the FLSA actual damages for unpaid wages;

D. Award liquidated damages to Plaintiff and the Opt-Ins who join this case pursuant to the FLSA the maximum amount permitted by applicable law;

E. Award Plaintiff and the Opt-Ins who join this case pursuant to the FLSA attorneys' fees, costs, and disbursements; and,

F. Award Plaintiff and the Opt-Ins who join this case pursuant to the FLSA further and additional relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully, |
|  | **LAW OFFICE OF DANIEL C. HERR** |
| Dated:  January 11, 2024 | */s/ Daniel C. Herr*<br>Daniel C. Herr (No. 5497)<br>1225 North King Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone: 302-483-7060<br>Email: dherr@dherrlaw.com |
|  | **NILGES DRAHER LLC** |
|  | Shannon M. Draher (OH No. 0074304)<br>7034 Braucher Street, NW, Suite B<br>North Canton, Ohio 44720<br>Telephone: 330-470-4428<br>Facsimile: 330-754-1430<br>Email: sdraher@ohlaborlaw.com<br>*Admitted *Pro Hac Vice* |
|  | Jeffrey J. Moyle (OH No. 0084854)<br>1360 East 9th Street, Ste. 808<br>Cleveland, OH 44114<br>Telephone: (216) 230-2944<br>Facsimile: (330) 754-1430<br>Email: jmoyle@ohlaborlaw.com<br>*Admitted *Pro Hac Vice* |
|  | *Counsel for Plaintiff* |

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/Daniel C. Herr*
Daniel C. Herr (No. 5497)
*Counsel for Plaintiff*

12